The next case on our docket is on 518-0138 Watkins v. M Class Mining. It is being taken under advisement and will issue an order in due course. The next case on the docket is 516-0083 People v. Bond Jones. The parties ready? Okay, you may proceed. May it please the Court? Counsel? My name is Salome Kiwara-Wilson and on behalf of the Office of the State Appellate Defender, I represent Mr. Bond Jones. Okay, please speak up and speak a little slower. Okay. Thank you. Filing a certificate under Rule 651C usually rises to the presumption that counsel has provided reasonable assistance for a post-conviction petitioner and that he has certified, that he has complied with the requirements of the rule. However, that presumption can be rebutted by the record. In a case such as this, where despite the filing of the 651 certificate, counsel failed to amend the petition in order to preserve Mr. Jones' claims and ensure that they could be heard properly. And while counsel continued the case for 12 years, yes, almost 13 years to be exact, and Mr. Jones had the same attorney throughout the whole proceeding, Mr. James Steele, he was never switched out for conflict or any other reason. And counsel, as he continued the case multiple times, kept promising that he was going to amend the petition, that he was gathering more documents in order to amend the petition, and he never did. So at the end of the 13 years, Mr. Jones stood on the petition as he had filed it to begin with. And so he never received the reasonable assistance of counsel that would have allowed him to amend his petition to the level to show substantial showing of a constitutional violation. For instance, counsel – Was there court hearings where Mr. Steele appeared and told the court that he was going to file an amended pleading? Correct. And some of the orders that are included in the record show that counsel was ordered to file an amended pleading. And the State at one point moved to have – to compel the amended pleading to be filed, and he was given more time to file and ultimately stands on the petition. Now, the specific instances that Mr. Steele should have amended the petition, for example, were to include allegations of constitutional instead of statutory speedy trial violations. He failed to allege appellate counsel's ineffectiveness where Mr. Jones had claimed trial counsel's ineffectiveness, or rather he failed to allege appellate counsel's prejudice, that appellate counsel's ineffectiveness caused prejudice. He failed to attach affidavits from Mr. Jones or his attorneys with regard to Mr. Jones' claim that he was denied his right to testify. And post-convictional counsel also failed to attach a memorandum that he said supported Mr. Jones' claims as to speedy trial. Under the totality of the circumstances in this case, counsel's conduct represented a total failure of representation. His omissions and failures demonstrated that he represented Mr. Jones in name only. Now, the State has argued in its briefing that Mr. Jones stood before the Court and said that he agreed that there were no amendments to be made and that that should somehow constitute failure on Mr. Jones' part. As was stated in the reply brief, the Post-Conviction Hearing Act does not envision that a defendant would make a waiver of his claims under those circumstances. And secondly, the Act gives a petitioner the right to counsel at the second stage in order for him to be assisted to perfect his claims. To require the same petitioner who has no legal knowledge, which is why he's being given counsel in the first place, to recognize that counsel has been ineffective and has failed to amend his petition is unreasonable to the petitioner. I would also note that in his failure to attach affidavits for Mr. Jones as to the claim that he had the right to testify led to the Court ruling specifically that Mr. Jones had not, or rather the petition, had stated no facts to support the claim that Mr. Jones was denied his right to testify. Again, this would have been an easy fix if he had attached affidavits not only from trial counsel but from Mr. Jones, his own client, explaining or detailing further what that claim meant. As to the speedy trial claim itself, we argue that the trial court erred in dismissing the petition as to that claim because the record, because Mr. Jones' claim that he had, that his speedy trial rights were violated was not rebutted by the record. There are several instances before the 1999 amendment to the speedy trial statute where Mr. Jones, where the continuances were made as the trial court noted, some were attributable to the defense, but the ones that are attributable to the state or where the record is silent as to who those delays were attributed to, there are, adds up, several instances that all add up together to 130 days before the 1999 amendments to the speedy trial statute. So Mr. Jones' claim that his trial counsel was ineffective for failing to move for dismissal of charges when 130 days had passed before he was tried is not a, he had made a substantial showing of that claim and that claim should not have been dismissed and at the very minimum should have gone to an evidentiary hearing for the purposes of determining some of the, some of the delays that were not attributed to one party or the other and to ascertain if any of the delays after the 1999 amendment could have counted towards the speedy trial term and therefore, again, trial counsel was ineffective for not moving to discharge, to dismiss the charges. The state argues that the 1999 amendment is retroactive, that it should go, since the time he was arrested, he was required to be making demands. So two years before the statute changes requiring him to make a demand, the state argues that he should have been making a demand from the beginning. This is incorrect for the simple reason that the 1999 amendment includes a date, an effective date of January 1st, 1999. Therefore, it is not retroactive because the first step under Easton, under Alvarez, is to look and see if the statute includes an effective date. Here it does, January 1st. So it's going forward that Mr. Jones was required to make, to make the demand, not into the past. And secondly, Mr. Jones' agreement, sorry, the state argues that any time from October 5th, I believe it's 1998, until 2000 counts against Mr. Jones because the motions had to be reheard. That does not defeat Mr. Jones' claim because the 130 days that we've calculated in the briefs ends in September, September 29th. Therefore, there is enough in the record, even without counting any dates from October 98 to 2000, where Mr. Jones' claim is not rebutted by the record and at the very least should have proceeded to an evidentiary hearing. There are other claims. Is that what you're asking for in the relief? Yes. But a speedy trial claim is for further proceedings, which in this case would be the evidentiary hearing, in case there are any questions as to some of the periods that shouldn't have counted one way or the other because the record is silent. However, the case law says that when the record is silent, it shouldn't be counted against the defendant because it shouldn't be counted against the defendant. But also, if a motion has been filed, a motion for discovery, for example, one of the instances the state cites to is when Mr. Jones asked for the grand jury transcript. But there is no indication in the record that that was in any way caused a delay for proceeding to trial. And in People v. McClure, this case, this court decided that unless the motion causes delay, it shouldn't count against the defendant because it shouldn't be used as an excuse by the state to continually toll the statute, the speedy trial term. So for that reason, for this trial court error, we do ask that it proceed to the third stage. But for the other claims, for the other claims where counsel was unreasonable, we would ask that those be remanded for second stage proceedings because Mr. Jones did not have the opportunity to fully litigate those claims and to flesh them out before they were denied by the trial court. I thought the trial court dismissed his post-conviction petition. Yes. But I'm saying because trial counsel was unreasonable, post-conviction counsel was unreasonable, the court dismissed some of these claims. For example, the right to trial. Did they dismiss all of the claims? Well, the court goes claim by claim. He says this claim is denied. But he doesn't allow any of them, right? Yes, he doesn't allow any of them. But when he's denying them, he's stating claim by claim. My question to you is, though, if you claim that Mr. Steele was ineffective at amending the post-conviction petition. Correct. Why would you ask for it to proceed to a third stage? Wouldn't you remand it for appointment of new post-conviction counsel? And that's the remedy we ask with reference to the exception of the speedy trial claim. The speedy trial claim, we argue, has made a substantial showing because the trial record does not contradict Mr. Jones's claim. The trial record is sufficient to show that he had 130 days before the 99 amendments. For that claim, if this court was to agree with Mr. Jones, it should proceed to an evidentiary hearing. If this court agrees with Mr. Jones and is reluctant to proceed to an evidentiary hearing on that sole claim, it can, again May I finish my question? Sorry. Remand it for Mr. Jones to have an opportunity to flesh that claim out at the second stage with new post-conviction counsel. But wouldn't you want Mr. Jones to have a lawyer to do that? I mean, in other words, why couldn't that be realleged in the post-conviction petition once a second stage lawyer is appointed and an amended post-conviction petition filed? Why couldn't that be realleged? It can be realleged. And that's you – this Court can certainly give Mr. Jones that opportunity. If the Court did advance that claim to an evidentiary stage, Mr. Jones would be appointed counsel because counsel is appointed from the second stage forward. So he would still be represented by counsel at an evidentiary hearing. No, I understand. I'm just – it seems like you're arguing for two proceedings, and that does – just from an efficiency point of view, I'm wondering about that. Mr. Jones can certainly reallege the allegation to speedy trial on second stage proceedings. You'll have a few minutes after Ms. Channing. Thank you. May it please the Court. Counsel, my name is Sharon Channing here, and I represent the people of the State of Illinois. Before I start on my argument, I'd like to address the most recent question you were raising and direct this Court to the conclusion of Defendant's brief, which asks for remand as cause for second stage post-conviction proceedings. And that's the only release before this Court. I agree, Your Honor. I'd like to make two brief points and then kind of jump right into the time question. First of all, as alluded to by counsel to the defendant, there is a defendant – or, excuse me, post-conviction counsel in this case did file a 651C certificate. And the filing of that does give rise to rebuttable presumption that he did provide reasonable assistance. And it is – then becomes the defendant's burden to prove – to overcome that presumption by demonstrating that his attorney failed to substantially comply with the duties mandated. The other – we need to keep in mind, too, that I've already heard thus far today, and I guarantee it will come out of my mouth, too, where it's not ineffective assistance of counsel. This is not a strickland standard. This is unreasonable assistance, as pointed out in the State's brief. The defendant in a post-conviction proceeding is entitled only to reasonable level of assistance, which is less than that afforded by the Federal or State Constitution. And it is even more difficult for a defendant to prove that he received unreasonable assistance than to prove that he received ineffective assistance. They're not the same. And that's because of where the defendant comes into the position. It's as I've discussed it now. Certainly the first thing that struck me about this case, and I think probably struck this panel, too, is this question of 12 years. And that's certainly a long time. And there's no way that the State is condoning that passage of time. Having said that, the question we have to address here is, did that prejudice the defendant? Did that time frame prejudice the defendant? Now, the case is cited by defendants. Defendants are not the same. The defendant is claiming, well, if you look at Lyons, if you look at Kelly, the passage of time alone is enough to say unreasonable assistance. I thought you distinguished Kelly. You must have said every one of them first. Either one, I'm going to ask you about Marie's. I think Lyons makes your point about reasonable assistance counts more. It's ineffective. And I think Lyons also goes on to show that post-conviction counsel was deemed unreasonable because of the repeated continuances. That's one thing. And because he declared at the final hearing that he was not ready to proceed. And because he made no reply to the State's motion to dismiss. And he didn't file a 651C certificate. It was not just the time frame. In Kelly, in addition to the passage of time, post-conviction counsel also filed petitions that inadequately shaped the defendant's arguments and made statements at the hearing that indicated he didn't even understand what stage proceedings they were at. So I think that what... That's a question as far as what the judge should have done, not whether defense counsels or post-conviction counsels... Well, in the case law, they kind of say that maybe that burden falls on the judge, but I understand your burden-shifting argument with 651, but... But I think that's a question as far as what the judge should have done, not whether defense counsels or post-conviction counsels. That's a question as far as what the judge should have done, not whether defense counsels or post-conviction counsels. We do know that he prepared an affidavit for the defendant and sent it to him, and there was a time frame... Sent it to him and the defendant didn't send it back to him for a long time. And, by the way, in the reply brief, it said, oh, well, maybe defense counsel held on to it that time. But if you look at the proof of service in that affidavit, the defendant had that affidavit for over about a year, I think. Anyway, the point is, he's presented... We cannot speculate here. He's presented with a petition. He can say, okay, well, let me see if there's anything that will support your petition here. Nope, that didn't work. Okay, let me get these transcripts. Let me see if they'll support your position. No, they don't support it either. So let me sit down and talk with you. What else could... There were things happening. Now, did they happen... As I say, I can't stand in front of this court and condone a 12, almost 13-year delay. But I don't think we can presume that defense counsel did... Defendant's ultimate decision in open court to stand on the initial pleadings is unreasonable. And I think a lot of that is established in the rest. For example, if I'll segue into the speedy trial issue, it's supported by the record. I just don't understand how we effectuate the public policy of Illinois in the Post-Conviction Act if we allow post-conviction counsel 13 years to get ready on a case. It just doesn't feel reasonable, if you will, even though it's their burden. It doesn't make a compelling case about the speedy trial issue. I believe everything that's in the speedy trial issue is in the record. So I don't know how you add... He can't add to the record. I mean, the record is quite clear on what was granted and what wasn't granted and why it was granted. And I would note the extremely long period of time when defendant chose not to waive a conflict of interest and had new counsel appointed for him, and new counsel chose to ask the court to allow re-hearing of all pretrial motions, and that motion was granted, and so they re-heard all. And that's most of the delay. I mean, that was a huge delay, and one that benefited the defendant. And that's the thing about speedy trial. Delay doesn't necessarily hurt a defendant. He got a second bite of the apple on every single pretrial motion that he made. So we don't know what that could happen. And I'm trying to get back to the first part of your question. I don't remember what the first part of your question was, which is how do you condone the delay. I point out that there is nothing in the Act, there is nothing in the rule, about a time requirement. I think that this is something that certainly the legislature can address to get this done. But under the review of reasonable assistance of counsel, I don't think we can overlook prejudice. And in my opinion, the defendant has not established prejudice in this case. And that's why I don't condone what? Well, prejudice is the standard in Strickland. Correct? Right. It's harder. I agree. So prejudice is true. But if ineffective assistance of counsel requires prejudice, reasonable assistance of counsel is more difficult to prove, more difficult to prove than Strickland. And I've cited a case for that proposition in our brief. Zaresky, I believe it is. And may I finish my thought? Yes, you may. It's more difficult to prove unreasonable assistance than it is to prove ineffective assistance. If you have to prove prejudice in a higher standard, then undoubtedly you have to prove prejudice in that standard. Okay. Thank you very much for your arguments. You're welcome. To first point out, the first fact of the State point was to the conclusion in the ‑‑ I'm sorry. The conclusion in the reply brief asks for both remedies. But as this Court has pointed out, the second-stage remedies may be more efficient in this case. The rebuttable presumption, Mr. Jones has met this simply by showing that counsel took too long, took 13 years to make any amendments and then failed to make any amendments, even though some were legally required in order to make Mr. Jones's claims legally sufficient. The State cites no cases showing that Mr. Jones has to show prejudice in order to show that counsel was unreasonable. Here, the passage of time, the State distinguishes Lyons and Kelly by saying in those cases, there was the passage of time and something else. Well, here there was the passage of time and something else, the failure to amend. So the passage of time, the 13 years, is unreasonable in and of itself, but it doesn't stand alone. It stands along with the failure to amend on those three issues, one of which turned out to be the key turning point for the trial court in making its decision. What about the affidavit that the post-conviction counsel filed? The 651C. That's the certificate. The filing of the certificate can be rebutted. It shows reasonable assistance, but it can be rebutted by the record. And here we argue we've shown that he was not reasonable because he, again, failed to make amendments that were basic amendments, alleging prejudice when you have an appellate ineffectiveness claim, failing to attach affidavits where the post-conviction act requires you to have supporting documentation, and failing to allege constitutional claims of speedy trial violation when Mr. Jones had only made constitutional claims. Sorry, statutory claims. Oh, and to note, if I, in my beginning argument, stated that the standard is ineffective assistance, I misspoke. In the briefing, and we argue consistently it's unreasonable assistance. We have no quarrel with that. But we're saying in this case, because it took 13 years for him to make no amendments, and the record shows he did nothing because he made no amendments, made no attachments, has no supporting documentation for some of the arguments he's making at the hearing, the State's hearing to dismiss, shows that there can be no presumption that he was being reasonable, that he followed the rule, and that he provided reasonable assistance to Mr. Jones, who stood at that hearing as though he was back where he started, back at the filing of the initial pro se motion. In many ways, you can argue if counsel had simply stood aside and let Mr. Jones represent himself, he probably would have done so before 13 years were up. He was suddenly writing to the court during that time saying he has not heard from his attorney in a year. Many times he's writing to the court saying, what's the status of my petition? This is not a man who wanted to sit aside for 13 years and take some sort of benefit from it. There certainly was no benefit to Mr. Jones for the waiting. And that this, the State is correct. There is nothing in the rule and in the Post-Conviction Act about how long it takes. But that certainly goes to the reasonableness of counsel's performance. Counsel cannot sit on a post-conviction petition for 13 years on the – in the case such as this, where Mr. Jones has a valid claim that his trial attorney was ineffective for failing to move to have his charges discharged. If that turns out to have a ruling in Mr. Jones' favor, then Mr. Jones has done additional time in prison for no purpose, which goes again, I guess, if you graft a prejudice argument to unreasonable assistance of counsel, would suddenly have prejudice, Mr. Jones. Another aspect of prejudice in waiving that law is the passage of time suddenly affects the number of witnesses that may have to come forward. The writing of the affidavits, for example, by his trial attorneys as to his claim that he was denied his right to testify because his attorney is denying that right. So there is prejudice, even though none is required and the State cites no case law to support that. But if the support was to require prejudice to be shown, there suddenly is prejudice that can be grafted from the record. The State, again, says that the time period that Mr. Jones chose not to waive the conflict from his trial attorney and therefore got new attorneys that continued the case for the post-trial motions to be had again up to 2000 is a showing of his pre-trial claims weakness. But again, that is in October 1998. Mr. Jones' claims of 130 days is before October 1998. So Mr. Jones' claim is still supported by the record. If there are no additional questions, we would ask. We would ask. All right. Thank you very much. Thank you. Thank you. Did you, are you with the office of the fellow defender? Yes. Oh, I haven't met you before. That's why I was wondering. I'm from the Fourth District. Oh. I was wondering if you were coming from Chicago. But you come from where? Springfield. Springfield. Okay, great. Welcome. Thank you both for your arguments. This matter will be taken under advisement.